294 S.E.2d 171 (1982)
STATE of West Virginia
v.
M.E., Infant.
No. 15310.
Supreme Court of Appeals of West Virginia.
July 8, 1982.
*172 Robert S. Baker, Beckley, for appellant.
Chauncey H. Browning, Jr., Atty. Gen., and Jerry Dove, Asst. Atty. Gen., Charleston, for appellee.
PER CURIAM:
M.E., a juvenile, appeals from a final order of the Circuit Court of Fayette County sentencing him to confinement in the West Virginia Industrial School for Boys (WVISB) for a period not to exceed one year. The only issue that need be addressed is whether the trial court made sufficient findings of fact and conclusions of law to satisfy the requirements of W.Va. Code, 49-5-1(d) and our case law. Because the trial court did not make sufficient findings of fact and conclusions of law, the judgment is reversed and the case is remanded for further dispositional proceedings.
This case is controlled by our pronouncements in State ex rel. R.S. v. Trent, W.Va., 289 S.E.2d 166 (1980) and State ex rel. D.D.H. v. Dostert, W.Va., 269 S.E.2d 401 (1980). In Syllabus Point 4 of D.D.H., this Court established the requirements that a trial court must satisfy upon deciding commitment to an industrial school is appropriate:
"In a juvenile proceeding it is the obligation of a trial court to make a record at the dispositional stage when commitment to an industrial school is contemplated under W.Va.Code, 49-5-13(b)(5) [1978] and where incarceration is selected as the disposition, the trial court must set forth his reasons for that conclusion. In this regard the court should specifically address the following: (1) the danger which the child poses to society; (2) all other less restrictive alternatives which have been tried either by the court or by other agencies to whom the child was previously directed to avoid formal juvenile proceedings; (3) the child's background with particular regard to whether there are pre-determining factors such as acute poverty, parental abuse, learning disabilities, physical impairments, or any other discrete, causative factors which can be corrected by the State or other social service agencies in an environment less restrictive than an industrial school; (4) whether the child is amenable to rehabilitation outside an industrial school, and if not, why not; (5) whether the dual goals of deterrence and juvenile responsibilities can be achieved in some setting less restrictive than an industrial school and if not, why not; (6) whether the child is suffering from no recognizable, treatable determining force and therefore is entitled to punishment; (7) whether the child appears willing to cooperate with the suggested program of rehabilitation; and, (8) whether the child is so uncooperative or so ungovernable that no program of rehabilitation will be successful without the coercion inherent in a secure facility."
In R.S. we reiterated the requirements of D.D.H., and stated in the second Syllabus Point:

*173 "Before ordering the incarceration of a child adjudged delinquent, the juvenile court is required to set forth upon the record the facts which lead to the conclusion that no less restrictive alternative is appropriate. The record must affirmatively show that the child's behavioral problem is not the result of social conditions beyond the child's control, but rather of an intentional failure on the part of the child to conform his actions to the law, or that the child will be dangerous if any other disposition is used, or that the child will not cooperate with any rehabilitative program absent physical restraint."
See also, State ex rel. B.S. v. Hill, W.Va., 294 S.E.2d 126 (1982).
In the present case, the trial court did not comply with the requirements of R.S. and D.D.H. The court's order states only that M.E.'s parents were not able to take custody and supervise him as was necessary for his welfare; that a temporary commitment to foster care or to a group home would not rehabilitate him as shown by the court's knowledge of the juvenile's history and competent and credible testimony; and that the least restrictive alternative which would accomplish rehabilitation would be to place him in the custody of the Commissioner of Corrections for commitment to WVISB.
Although it is not necessary for our decision in this case, we note that virtually all of the evidence presented in the dispositional proceedings below indicated incarceration was not the least restrictive dispositional alternative available for rehabilitating M.E. In particular, two psychologists for the WVISB recommended that M.E. be committed to a juvenile corrections facility, only if an adequate program of community rehabilitation could not be established.
For the foregoing reasons, the judgment of the Circuit Court of Fayette County is reversed and the case is remanded for further dispositional proceedings.
Reversed and remanded.